693 F.2d 22
 NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE,
Puerto Rican Civil Rights League, Inc., Older Americans
Coalition, Wilmington United Neighborhoods, Brandywine
Trinity Methodist Church, on behalf of their members and
others similarly situated, and Raymond W. Brown, Marcia
Glaindez, for herself and as parent and guardian for her
minor children, Reynaldo Galindez and Pedro Galindez,
Milagro Quinones, Denise Smokes, on behalf of themselves and
others similarly situated; and City of Wilmington, a
municipal corporation, Appellants,
v.
The WILMINGTON MEDICAL CENTER, INC. and Crawford H.
Greenwalt, as Chairman of the Board of Trustees,
and Joseph A. Dallas, as Chairman of the
Board of Directors.
 No. 82-1072.
 United States Court of Appeals,
Third Circuit.
 Nov. 8, 1982.
 
 Before ALDISERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges and POLLAK, District Judge.*
 SUR PETITION FOR REHEARING
 GIBBONS, Circuit Judge.
 
 
 1
 The petition for rehearing, 689 F.2d 1161, filed by appellees in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.
 
 
 2
 Statement by Circuit Judge ADAMS sur denial of the petition for rehearing, with whom Circuit Judges WEIS and GARTH join:
 
 
 3
 In Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Supreme Court made it clear that a federal court cannot award a counsel fee absent specific statutory authorization. In response to this holding, Congress enacted the Civil Rights Attorney's Fee Award Act, 42 U.S.C. Sec. 1988, which provides "that the federal court, in its discretion, may allow the prevailing party a reasonable attorney's fee" in various civil rights cases.
 
 
 4
 The legislative history of the Fee Award Act indicates that "parties may be considered to have prevailed when they have vindicated rights through a consent judgment or without formally obtaining relief." Thus, a litigant may be considered to be a prevailing party if the law suit successfully terminates by a consent decree, an out-of-court settlement, a voluntary cessation of an unlawful practice by the defendant, or some other disposition of the case after the plaintiff has vindicated his rights.
 
 
 5
 Although the concept of "prevailing party" is usually understood to be the party who has won the controversy, the courts have held that it is not necessary for a plaintiff to prevail on each and every claim asserted or to receive all the relief requested in order to be awarded an attorney's fee under the statute. The party seeking an attorney's fee must, however, demonstrate that, because of his efforts in the litigation, he has obtained at least some of the legal relief he sought. As this Circuit has phrased the test, a party has prevailed if he "essentially succeeds in obtaining the relief he seeks in his claims on the merits." Bagby v. Beal, 606 F.2d 411, 415 (3d Cir.1979). Other courts have stated that a party has prevailed if the "law suit was a significant catalytic factor in achieving the primary relief sought through litigation despite failure to obtain formal judicial relief." Iranian Students v. Sawyer, 639 F.2d 1160, 1163 (5th Cir.1981). On the other hand, the Supreme Court has made it clear that mere procedural victories do not make the plaintiff a prevailing party under the statute and thus are insufficient to justify the award of attorneys' fees. Hanrahan v. Hampton, 446 U.S. 754 at 757, 100 S.Ct. 1987 at 1989, 64 L.Ed.2d 670 (1980).
 
 
 6
 In the dispute at issue here, the plaintiffs originally claimed that the Wilmington Medical Center had discriminated against minorities and aged persons in its proposal to modernize its facilities. The district court, 530 F.Supp. 1018, sitting without a jury, held that there was no proof of discrimination and found for the defendants. This Court affirmed in an in banc decision. In the course of the litigation, the district court sua sponte directed the Department of Health, Education and Welfare to conduct an investigation into the plaintiffs' allegations. After the investigation, HEW and the Medical Center voluntarily entered into a contract of assurances which modified the Medical Center's original rehabilitation plan. The plaintiffs did not petition for, cooperate with, or approve of the district court's directive. Indeed, they vigorously opposed the agreement, claiming that it was illegal, and that the making of such an agreement was itself a further violation of the Civil Rights Act. The district court specifically rejected these contentions, finding that the supplemental agreement did not violate the Civil Rights Act. In addition, it made a finding that "any benefits covered by the agreement were not causally related to the efforts of the plaintiffs." App. at 288.
 
 
 7
 Despite these determinations, the Court in this proceeding has reversed the district court's conclusion that the plaintiffs are not a prevailing party.[1] It has directed that the matter be remanded so that the district court may enter an attorney's fee for the time plaintiffs' counsel has devoted to the supplemental agreement, which includes the time they spent opposing the investigation by HEW. Because the result reached by the majority appears to go considerably beyond the concept of "prevailing party" set forth by the Congress in the legislation and because it appears to far exceed the legislative intent which underlies the Fee Award Act, I believe it would be salutory for the court in banc to reexamine in the context of this case the reach of the "prevailing party" element set forth in the statute.[2]
 
 
 
 *
 Hon. Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, as to panel rehearing only
 
 
 [1]
 The majority relies on Sullivan v. Pennsylvania Dept. of Labor and Industry, 663 F.2d 443 (1981), cert. denied, --- U.S. ----, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982). That case, however, presented a much different situation. In Sullivan, there was no question that the plaintiff had prevailed. The issue was whether a counsel fee could be awarded when the victory was achieved in an arbitration proceeding rather than in the district court. Here the issue is whether any civil rights claim asserted by the plaintiff has been vindicted anywhere
 
 
 [2]
 Furthermore, the mandate that the majority has ordered to be entered would appear to transgress the statute; the act places the initial determination of whether there is to be a fee, assuming there is a prevailing party, within the discretion of the trial court. Here such discretion has not yet been exercised, and there has been no showing that the exercise of such discretion will be abused